IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LILJANA RUDAJ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-1805-FB |
| | § | |
| JOSE RODRIGUEZ, JR., Warden, Karnes | § | |
| County Immigration Processing Center; | § | |
| MIGUEL VERGARA, Field Office Director of | § | |
| & Customs Enforcement, Enforcement and | § | |
| Removal Operations, San Antonio Field Office; | § | |
| TODD LYONS, Acting Director, ICE; KRISTI | § | |
| NOEM, Secretary of the U.S. Department of | § | |
| Homeland Security; and PAMELA BONDI, | § | |
| Attorney General of the United States, In Their | § | |
| Official Capacities, | § | |
| | § | |
| *Respondents.* | § | |

### ***ORDER GRANTING OPPOSED MOTION TO LIFT STAY***

Before the Court is Respondents' Opposed Motion to Lift Stay in this 28 U.S.C. § 2241 immigration habeas matter (ECF No. 9); Petitioner's Response in Opposition (ECF 10); and Advisory Regarding Petitioner's Removal (ECF No. 11). After careful review, the Court GRANTS the motion to the extent the Court's stay precludes Petitioner's removal to Albania.

Petitioner is a native and citizen of Albania who entered the United States on or about December 10, 2000, at or near the Orlando International Airport, Florida, as a stowaway. Federal Respondents' Corrected Response, ECF No. 6, at 2 & attached ERO Declaration, ECF 6-1 at item 4. In her Petition, Petitioner claims that on September 17, 2002, an Immigration Judge granted her deferral of removal and protection under the Convention Against Torture (ECF No. 1 at page 1), "recognizing that she faces clear probability of torture if returned to Albania." Despite this recognition, Petitioner was detained by ICE "without any lawful basis or foreseeable prospect of removal" and refuses to release her claiming that "it is looking for alternative countries of removal

despite knowing that she lacks citizenship in or a connection to any other country." *Id.* at pages 1-2.

Respondents maintain Petitioner's allegation concerning the granted deferral of removal is inaccurate because all of her applications were denied.  More specifically, Respondents assert:

> On January 8, 2001, an immigration judge ordered Petitioner removed from the United States after determining she was not eligible for asylum, statutory withholding under the Immigration and Nationality Act, and withholding of removal under the Convention Against Torture (CAT).  Petitioner appealed to the Board of Immigration Appeals (Board) who dismissed the Petitioner's appeal, on September 14, 2007. Petitioner has filed motions with the Board to reopen or reconsider the removal order. Those motions were denied.

Response, ECF No. 6 at page 2 (citations to Declaration of Officer Saguil).  To date, Petitioner has not provided any evidence to the contrary.

On December 18, 2025, Petitioner filed her § 2241 Petition challenging her continued detention. (ECF No. 1). Upon review, the Court rendered a service order requiring Respondents to file a response. (ECF No. 3). The Court's service order includes a stay, which states:

> IT IS FURTHER ORDERED that **any possible or anticipated removal or transfer ofPetitioner Liljana Rudaj is IMMEDIATELY STAYED until further order from this Court.  Respondents shall not transfer Petitioner Liljana Rudaj outside of this judicial district during the pendency of this litigation and until further Order of this Court.**

*Id.*  As mandated, Respondents filed a Response. (ECF No. 6).   Petitioner did not file a reply but on May 28, 2026, filed a Motion to Expedite consideration of her habeas petition (ECF No. 8), advising the Court as follows:

> Petitioner has been in ICE custody for 187 days. Their grant of Deferral of removal and protection under the Convention Against Torture (CAT) was issued on September 17, 2002 and they [sic] were re-detained on November 22, 2025. All of this time is post-decision and falls under 8 U.S.C. § 1231(a)(6) and the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001).
>
> When this petition for HC was first filed, the petitioner had been detained 26 days. At that time, the burden of proof fell on the petitioner. Now she has been detained 187 days. As this amount has passed 180 days, the respondent's [sic] now bear the initial and high burden of proof to demonstrate the actions they have taken to remove the petitioner and that her removal is reasonably foreseeable.

*Id.*

Also, on May 28, 2026, Respondents filed a motion to lift the Court's stay (ECF No. 9), and on June 5, 2026, filed an Advisory Regarding Petitioner's Removal (ECF No. 10). In the Advisory, Respondents explain:

> To effectuate removal, Federal Respondents need to transfer Petitioner to a staging location. Yet, Federal Respondents cannot proceed with the transfer or removal because the Court has stayed the transfer or removal of Petitioner. Doc. 3. As previously noted in other pleadings, Petitioner is subject to a final order of removal and is in post-removal detention under 8 U.S.C. § 1231. Doc. 5. The only impediment to the removal is the Court's stay of Petitioner's transfer or removal.

(ECF No. 10). After reviewing Respondents' motion, advisory, and the other pleadings in this matter, the Court finds a valid basis for lifting its prior stay order as Respondents have demonstrated, as requested by the Petitioner in her Motion to Expedite, that her removal is reasonably foreseeable. That said, the Court lifts the stay only to the extent it precludes removal to Albania, Petitioner's home country. The prior stay no longer precludes Petitioner's physical removal to Albania.

IT IS THEREFORE ORDERED that Respondents' Opposed Motion to Lift the Stay (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that the Court's prior stay of removal is LIFTED to the extent it precludes removal to Albania. Respondents may not, under this Order, remove Petitioner to any country other than Albania.

Because Respondents continue to detain Petitioner pending removal, her § 2241 Petition remains ripe for adjudication. If Petitioner is removed to Albania, Respondents shall immediately file a status report notifying the Court. Moreover, if Petitioner is not removed to Albania on or before June 30, 2026, the date Petitioner's travel document expires, Respondents shall file a report on or before July 1, 2026, notifying the Court of the status of Petitioner's removal.

It is so ORDERED.

SIGNED this 8th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE